IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ANNE GALLOWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:06-cv-00461 |
| ) | Phillips/Guyton |
| THE UNIVERSITY OF TENNESSEE ) | |
| AT KNOXVILLE, MARK ROZANSKI, ) | |
| and JAMES DITTRICH, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND OPINION**

The matter before the Court involves allegations of employment discrimination. The defendants have filed a motion for partial dismissal of plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 8]. The plaintiff has filed a response in opposition [Doc. 13], and the defendants have replied. For the reasons that follow, defendants' motion to dismiss [Doc. 8] is **GRANTED in its entirety**.

**I.**   **Facts**

As the law requires, all disputed facts and inferences are resolved most favorably to the plaintiff. Furthermore, the Court merely provides relevant facts for the purposes of this opinion.

In February of 2004, plaintiff Ann Galloway ("Galloway") began employment at the

1

University of Tennessee at Knoxville ("University of Tennessee") as a Program Resource Specialist in the University Center. On March 14, 2006, Galloway was effectively terminated. Thereafter, Galloway commenced this action against the University; Mark Rozanski ("Rozanski"), the Assistant Director of the University Center and plaintiff's immediate supervisor; and James Dittrich ("Dittrich"), the Director of the University Center. Galloway's complaint contains allegation of sexual harassment, sex discrimination, and retaliation, all in violation of Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Plaintiff also appears to assert a cause of action under the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 *et seq.*

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires a court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of claims that would entitle him or her to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990) *cert. denied,* 498 U.S. 867 (1990). A court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). A court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must

articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

### III.  Motion to Dismiss and Applicable Law

Defendants have moved this Court for an order (a) dismissing claims against all defendants based on alleged violations of the THRA on the grounds that they are barred by the Eleventh Amendment to the U.S. Constitution; (b) dismissing claims against defendants Rozanski and Dittrich based on alleged violations of Title VII on the grounds that Title VII does not provide for individual liability; and (c) dismissing Plaintiff's claim for punitive damages because the 1991 amendments to Title VII do not provide for punitive damages against a governmental agency such as the University of Tennessee. These issues are addressed in turn below.

      A.  Eleventh Amendment[1]

           1.  The University of Tennessee

---

[1] The plaintiff does not offer any response in opposition to the defendants' Eleventh Amendment argument with respect to either the University of Tennessee or the individual defendants. Plaintiff only states that she does not waive her claims or the right to appeal on this issue.

Construing the complaint in the light most favorable to the plaintiff, plaintiff alleges two claim under the THRA, in addition to her Title VII claims for hostile work environment based upon sexual harassment and retaliation. After an examination of the record and applicable law, plaintiff's claims under the THRA must be dismissed in that they are barred by the Eleventh Amendment of the Constitution.

The Eleventh Amendment states in relevant part as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . .

U.S. Const., amend. XI. It is well settled and a fundamental principle of federalism that the Eleventh Amendment bars suit against a state and/or one of its agencies in federal court without its consent, waiver, or act of Congress to override immunity. *See Han v. Louisiana*, 134 U.S. 1 (1980); *Salt Lick Bancorp v. F.D.I.C.*, 187 Fed.Appx. 428, 442-43 (6th Cir. 2006). The immunity applies to agencies and/or subdivisions as long as they are an "arm of the state." *See Ernst v. Rising*, 427 F.3d 351, 358-59 (6th Cir. 2005). In deciding whether an entity is an "arm of the State," the Supreme Court has considered several factors:

> (1) the State's potential liability for a judgment against the entity; (2) the language by which state statutes, and state courts, refer to the entity and the degree of state control and veto power over the entity's actions; (3) whether state or local officials appoint the board members of the entity; and (4) whether the entity's functions fall within the traditional purview of state or local government. In discussing these factors, the Court has emphasized that the first factor-the liability of the State for a judgment-is the foremost factor, and that it is the state treasury's potential legal liability for the

4

> judgment, not whether the state treasury will pay for the judgment in that case, that controls the inquiry. . . .

*Id.* at 359.

This analysis has been previously performed in past cases, and this Court has repeatedly held that the University of Tennessee is an arm and alter ego of the State of Tennessee and, as such, is entitled to the State's Eleventh Amendment immunity. *Stefanovic v. University of Tennessee*, 935 F. Supp. 944, 946 (E.D. Tenn. 1996); *Hiefner v. University of Tennessee*, 914 F. Supp. 1513, 1515 (E.D. Tenn. 1995); *Kersavage v. University of Tennessee*, 731 F. Supp. 1327, 1329 (E.D. Tenn. 1989) ("No question is raised by the parties that the University of Tennessee is an arm of the State of Tennessee; this is now well-settled law.").

In the instant matter, the Court finds that the University of Tennessee maintains absolute immunity in that the University of Tennessee is clearly an "arm of the state" and no exceptions apply. Accordingly, this Court dismisses plaintiff's claims against the University of Tennessee based on alleged violations of the THRA.

2.  Individual defendants

In the absence of plaintiff's assertion otherwise, it appears that defendants Rozanski and Dittrich have only been sued in their official capacity. Indeed, when the pleadings are silent as to the capacity in which an individual defendant is sued, courts will presume that

5

the defendant was sued in his or her official capacity. *Green v. Cook*, 83 Fed. Appx. 99, 100 (6th Cir. 2003) ("If the pleadings fail to indicate that the plaintiff intended to sue the defendant in his individual capacity, the defendant is presumptively sued in his official capacity.") (citations omitted); *see also Wells v. Brown*, 891 F.2d 591, 592 (6th Cir. 1989) (inferring that individual defendants were sued in their official capacities based on characterizations in the complaint). Moreover, in an examination of the plaintiff's complaint, plaintiff only alludes to actions that defendants performed in the course and scope of their employment. Accordingly, the Court will only consider the plaintiff's THRA claims against the individual defendants in their official capacity.

As in the case of the University of Tennessee, the Eleventh Amendment also bars the plaintiff's claims against Rozanski and Dittrich, as they are University of Tennessee officials sued in their official capacity. "[I]t is well established that a cause of action against an individual in his official capacity represents an action against the entity of which that officer is an agent; thus, plaintiff's causes of action against these UT officials in their official capacities assert impermissible actions against the State." *Stefanovic*, 935 F.Supp. at 946-47; *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" of which the official is an agent). Accordingly, the Court also dismisses plaintiff's THRA claims against both Rozanski and Dittrich.

B. Title VII claims against individuals[2]

Plaintiff has alleged Title VII claims against individual defendants Rozanski and Dittrich. In order to maintain her suit, the plaintiff must establish that the defendants are "employers," under Title VII's framework. *Thompson v. Blount Memorial Hosp., Inc.*, No. 3:06-CV-228, 2006 WL 3098787, at *3 (E.D. Tenn. Oct. 30, 2006) (finding that "it is well-settled in the Sixth Circuit that an individual employee who does not independently qualify under the statutory definition of 'employer' cannot be held personally liable under Title VII."); *Little v. BP Exploration & Oil Co.*, 265 F.3d 357, 362 (6th Cir. 2001) (since the defendant was merely plaintiff's supervisor and not his employer, the defendant cannot be held individually liable under Title VII); *Hiler v. Brown*, 177 F.3d 542, 545 (6th Cir. 1999) (finding that "numerous courts, including this one, have held that supervisors, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination."). Under Title VII, an "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees in each of twenty or more calendar weeks in the current or preceding calendar year. . . ." 42 U.S.C. § 2000e(b).

In the instant case, the plaintiff has not established that either of the individual defendants were "employers." Since plaintiff has not produced any evidence that Rozanski

---

[2]The plaintiff does not offer any response in opposition to the defendants' contention that individual defendants, who are not employers, cannot be held liability under Title VII. Plaintiff only states that she does not waive her claims or the right to appeal on this issue.

and/or Dittrich are employers, the defendants have no liability under Title VII.

C. Punitive damages

Title 42 U.S.C. Section 1981a(b)(1) states in relevant part as follows:

> A complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

(emphasis added); *see also Poe v. Memphis Light, Gas & Water Div.*, No. 98-5942, 1999 WL 1204694, at *3 (6th Cir. Nov. 30, 1999) ("punitive damages are not recoverable against a governmental agency in an action under Title VII"); *Robinson v. Runyon*, 149 F.3d 507, 516 (6th Cir. 1998) ("Congress amended Title VII in 1991 to permit punitive damages in Title VII actions. The amendment however specifically exempted governments, government agencies and political subdivisions."). While the plaintiff makes the argument that the exemption is inapplicable because the University of Tennessee is not a "government, government agency or political subdivision," the relevant law indicates otherwise.

As the defendants have indicated, this Court has on numerous occasions found that the University of Tennessee is an arm, or alter ego, of the State of Tennessee. *See Stefanovic*, 935 F.Supp. at 946; *Hiefner*, 914 F.Supp. at 1515; *Kersavage*, 731 F.Supp. at 1329; *Fireman's Fund Ins. Co. v. Bell Helicopter Textron Inc.*, 667 F.Supp. 583, 584

8

(E.D. Tenn. 1987); *University of Tennessee v. United State Fidelity & Guar. Co.*, 670 F.Supp. 1379 (E.D. Tenn 1987). Moreover, in the *Stefanovic* case, the Court held that, with regard to the Title VII claim, "under the express provision of 42 U.S.C. § 1981a(b)(1), punitive damages may not be awarded against a 'government' or 'government agency.' " *Stefanovic*, 935 F.Supp. at 949.

Lastly, in an examination of cases in other circuits, punitive damages are forbidden in similar situations. *See e.g. Bryant v. Locklear*, 947 F.Supp. 915, 916 (E.D.N.C. 1996) (dismissing Title VII punitive damage claim against North Carolina State University pursuant to 42 U.S.C. § 1981a(b)(1)); *Whittaker v. Northern Illinois Univ.*, No. 02 C 50503, 2003 WL 21403520, at *2 (N.D. Ill. June 16, 2003) ("Title VII expressly forbids punitive damage awards against governmental agencies, of which NIU, as a public university, is certainly one."); *Okruhlik v. University of Arkansas*, 255 F.3d 615, 623 (8th Cir. 2001) (dismissing a punitive damage claim against the University of Arkansas on grounds that it is a "government agency"); *Ettinger v. State Univ. of New York*, No. 95 Civ. 9893(RWS), 1998 WL 91089, at *7 (S.D.N.Y. Mar. 2, 1998) (finding that a public university is "a state agency, and therefore the § 1981a exemption from punitive damages applies.").

In light of the weight of authority and in the absence of any authority to the contrary, the Court finds that the exemption in Section 1981a(b)(1) applies to the University of Tennessee. Accordingly, plaintiff's claim for punitive damages under Title VII is dismissed.

**IV.     CONCLUSION**

For the reasons hereinabove set forth, defendants' motion to dismiss [Doc. 8] is **GRANTED in its entirety.** Parties shall proceed to trial on plaintiff's remaining claims.

**IT IS SO ORDERED.**

**ENTER:**

s/Thomas W. Phillips
UNITED STATES DISTRICT JUDGE