**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **ANNE GALLOWAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:06-CV-461** |
| | ) | **(Phillips/Guyton)** |
| **THE UNIVERSITY OF TENNESSEE, et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## SCHEDULING ORDER

1.      **INTRODUCTION:**  Pursuant to Fed. R. Civ. P. 16(b) a scheduling conference was

held in this cause on <u>September 4, 2007</u>.  Present representing the plaintiff was attorney William

Lockett, Jr.  Present representing the defendant was attorney Michael Fitzgerald.  The following

actions were taken.

2.      **JURISDICTION:**  In this case, the subject matter jurisdiction of the Court has been

invoked pursuant to 28 U.S.C. § 1332, and **is/is not** in dispute.

3.      **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION:**

(a)      The possibility of settlement is unknown at this time.

(b)      Information on ADR and about the court in general can be found on the

Court's web page www.tned.uscourts.gov.

4.      **DISCLOSURE AND DISCOVERY:**

(a)      **Fed. R. Civ. P. 26(f) Meeting**: The parties will hold a discovery planning

meeting as required by Rule 26(f) on September 4, 2007.

(b)      **Discovery Plan**: The parties shall, if they have not already done so, file with

the court a discovery plan in accordance with Rule 26(f).

(c) **Initial Disclosures**: At the Rule 26(f) meeting or within thirty (30) days thereafter, the parties shall, if they have not already done so, make all disclosures required by Rule 26(a)(1).

(d) **Expert Testimony:** Disclosure of any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2) shall be made on or before one hundred and fifty (150) days before trial for plaintiff and one hundred and twenty (120) days before trial for defendant. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Fed. R. Civ. P. 26(a)(2)(B), such disclosure shall be made within thirty (30) days after the disclosure made by the other party. The parties shall supplement these disclosures when required under subdivision (e)(1). In the event that either party wishes to challenge the relevance or the reliability of expert testimony, a motion for a *Daubert* hearing must be filed not later than ninety (90) days before trial or it will be deemed waived.

(e) **Computer-Generated Animation**. If any party intends to offer a computer-generated animation into evidence, the party shall disclose that intention at the time expert disclosures are made pursuant to Fed. R. Civ. P. 26(a)(2). A copy of the animation shall be furnished to all other parties no later than forty-five (45) days prior to the filing of pretrial disclosures pursuant to Fed. R. Civ. P. 26(a)(3) [or the close of expert discovery, if that is earlier]. By agreement of the parties, the date of delivery of the animation may be adjourned to no later than the date on which the pretrial order is filed.

(f) **Evidence-Presentation Equipment**. Parties are encouraged to become familiar with and utilize the evidence presentation equipment which is available in each courtroom. If either party intends to use electronic, mechanical or other equipment to display evidence at trial, the parties shall confer in an effort to agree on the size, type and location of equipment to be used.

If the parties agree, they shall file their joint proposal on the date on which the final pretrial order is due. If the parties cannot agree, each party shall file its proposal on the date on which the pretrial order is due and may comment on the proposal filed by any other party within two business days thereafter. If one or more of the parties desire to use the court's Digital Evidence Presentation System (DEPS) at trial or for any pretrial hearing, notice must be given to Ms. Janet Jackson (865/545-4234 ext 236) at least five (5) working days before the hearing or trial. It is recommended that counsel reserve the equipment early and schedule training on the equipment in order to effectively use the equipment during the trial or hearing and additionally to test all forms of evidence, i.e. VHS, DVD, audio tapes, etc., prior to trial.

(g)      **Pretrial Disclosures**:  On or before sixty (60) days before trial, the parties shall make all pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3), except as to witnesses (*see* 6(f) and (g) below).

(h)      **All Discovery**:  All discovery, including the taking of depositions "for evidence," shall be completed by ninety (90) days before trial. (Motions to compel must be filed at least 30 days before this deadline.)

(i) **Discovery Disputes:** Discovery disputes shall be resolved in the following manner:

(1) Parties shall first meet and/or confer in an attempt to resolve disputes between themselves, without judicial intervention; (2) if the parties are unable to resolve such disputes informally, they shall attempt to resolve their disagreement by telephone conference with the magistrate judge assigned to this case; (3) if, and only if, the parties are unable to resolve their disputes after conference with the magistrate judge, they may file appropriate written motions with the court, which may be referred to the magistrate judge. Any written motions regarding discovery shall include the written certification required by Rule 37(a)(2)(A) and /or (B), if applicable.

5. **PRETRIAL ORDERS AND PRETRIAL CONFERENCES:**

Unless counsel are otherwise directed by the court, the following shall govern with regard to pretrial orders and conferences in this particular case.

Thirty (30) days before trial, an agreed pretrial order <u>shall be filed with the Clerk of Court</u> and also sent via e-mail to chambers as an attachment in WordPerfect format at [Phillips_Chambers@tned.uscourts.gov](mailto:Phillips_Chambers@tned.uscourts.gov) . The order shall contain the following recitals:

(a) Jurisdiction.
(b) That the pleadings are amended to conform to the pretrial order.
(c) Short summary of plaintiff's theory.
(d) Short summary of defendant's theory.
(e) The issues to be submitted to the trial judge or jury.
(f) Stipulations of fact.
(g) Novel or unusual questions of law or evidence.
(h) Estimated length of trial (in working days).
(i) Possibility of settlement.
(j) Miscellaneous matters that may contribute to the just, speedy, and inexpensive determination of the case.

Forty-five (45) days before trial (47 days if service by mail), plaintiff's counsel **shall** serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendant. Within five (5) working days after receipt thereof, opposing counsel **shall** furnish plaintiff's counsel with defendant's theory and advise of any disagreement as to the issues or other matters in the proposed pretrial order. The parties shall make diligent, good faith efforts to reconcile any differences promptly and without the necessity of the court's intercession. If the parties cannot agree on a pretrial order, plaintiff's attorney shall notify the undersigned's office at least thirty-one (31) days before trial that the parties have, in a face-to-face conference, been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order or hold a pretrial conference. Counsel will receive specific written instructions on pretrial conference procedures if a pretrial hearing is to take place before the undersigned to prepare a pretrial order. Any pretrial conference for that purpose will be held fourteen (14) to twenty-five (25) days prior to trial. Amendments to a pretrial order entered *ex parte* by a judge or magistrate judge may be sought by motion filed five (5) working days following entry of the order. Notwithstanding the filing of an agreed pretrial order, a final pretrial conference shall be held shortly before trial to address matters which need to be discussed before the time of trial (*See* No. 7 below).

Failure to file an agreed pretrial order or to notify the undersigned's office that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action. *See* Rule 41(b), Fed. R. Civ. P.

**6.** **OTHER SCHEDULING MATTERS:**

       (a)    **Amendment of Pleadings/Joinder of Parties**:   At least one hundred and eighty (180) days before trial of this matter all motions for leave to amend the pleadings and add parties must be filed.

       (b)    **Dispositive Motions**:  All dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as possible, but no later than one hundred and twenty (120) days before trial.  The failure to timely file such motions will be grounds to summarily deny them.  Upon filing any dispositive motion, or any other motion (or responsive pleading) which exceeds twenty-five (25) pages (including attachments), a courtesy hard copy shall be mailed or hand delivered to chambers**.**

       (i)    **Special Instructions for Motions for Summary Judgment:**  Any motion for summary judgment shall be accompanied by a *separate* concise statement of the material facts as to which the moving party contends there is no genuine issue for trial.  Each such fact shall be set forth in a separate, numbered paragraph, and shall be supported by no more than two citations to the record.

       The party opposing the motion for summary judgment shall file, contemporaneously with his/her brief in opposition, opposing affidavits, etc., a separate pleading that responds to each fact set forth by the movant that either (1) agrees that the fact is undisputed, (2) agrees that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (3) demonstrates that the fact is disputed, in which event there must be a specific citation to the record.  Further, the non-movant's response may contain a concise statement of any additional facts that the non-movant contends are material and disputed; each such disputed fact shall be set forth in a separate, numbered paragraph with specific citations to the record.

The parties are advised that these pleadings are not to be used for argument, which is the proper role of their briefs. If either party fails to file the pleading required of him/her as set forth herein, the Court may strike that party's motion or opposition, as the case may be.

(c) **Motions in Limine**: All motions in limine must be filed no later than fifteen (15) working days before trial. Such motions *in limine* shall be addressed by the court at the final pretrial conference (*see* No. 7 below). Motions seeking a *Daubert* hearing are governed by paragraph 4(d) set forth above.

(d) **Special Requests to Instruct for Jury Trial**: Pursuant to Local Rule 51.1, special requests for jury instructions shall be submitted to the Court no later than fifteen (15) working days before trial and shall be supported by citations of authority pursuant to Local Rule 7.4. These special request should also be submitted to chambers at Phillips_Chambers@tned.uscourts.gov by e-mail as an attachment in WordPerfect format. There is, reserved to counsel for the respective parties, the right to submit supplemental requests for instructions during the course of the trial or at the conclusion of trial upon matters that cannot be reasonably anticipated.

(e) Forty-five (45) days before trial, the parties shall file their final witness and exhibit lists covering the information specified in Rule 26(a)(3).

(f) Within five (5) working days after service of a final witness and exhibit lists as specified in (e) above, such list may be amended/supplemented.

(g) All anticipated exhibits will be labeled and numbered prior to trial. At the inception of trial, counsel will furnish the court with two (2) copies of their exhibit lists, as amended/supplemented, so numbered. Counsel shall also provide the Court with two (2) sets of their exhibits, hole-punched and in a three-ring binder for use during trial.

(h)     At least seven (7) working days before trial, the parties must file trial briefs concerning any novel or unusual questions of law that have been highlighted in the pretrial order.

(i)     In the event that a party files an objection within the time specified by Rule 26(a) to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) of Rule 26(a)(3), or any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C) of Rule 26(a)(3), and desires the court to consider such objection or objections to be in the nature of a motion *in limine*, such objections shall be accompanied by a brief in support of such objection/motion *in limine*.  Should a hearing be directed by the court regarding such motions *in limine*, the parties shall be notified of the date and time thereof.  Counsel are reminded that objections not so disclosed, other than objections under Rules 402 and 403, Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

7.     **FINAL PRETRIAL CONFERENCE:**  A final pretrial conference shall be held in this case on **January 6, 2009 at 9:00 a.m.**

8.     **TRIAL:**  The trial of this case will be held before the undersigned with a jury beginning on **January 13, 2009.**  The trial is expected to last four (4) days.

If there are any preliminary matters, counsel shall be present at <u>8:30 a.m.</u> to take up any such matters which may require the Court's attention. The parties shall be <u>prepared</u> to commence trial at <u>9:00 a.m.</u> on the date which has been assigned. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

9.   **MISCELLANEOUS:**   The Court has implemented Electronic Case Filing which allows counsel to file and docket pleadings directly from their office via the internet and to be served with filings from other parties and the Court via e-mail. Information concerning the ECF system, registration for training and/or registration to file electronically can be found on the Court's website at <u>www.tned.uscourts.gov</u> or by calling my courtroom deputy, Janet M. Jackson at 865/545-4234, ext. 236. Counsel who are not registered users are encouraged to register prior or explain their failure to do so. *See E.D. TN LR 5.2(b).* Parties filing pleadings either electronically or manually on the day of a hearing or trial should notify chambers and/or the courtroom deputy either by e-mail or phone of the late filing.

You are also reminded that United States magistrate judges in this district have authority to try civil cases, both jury and nonjury, upon consent of the parties. You are reminded that magistrate judges may on stipulation hear and determine dispositive motions. If you desire to have your case tried upon consent by a magistrate judge, or if you wish to allow a magistrate judge to decide any dispositive motions, please contact my courtroom deputy, Janet M. Jackson at 865/545-4234, ext. 236.

**NOTE**:  FAILURE TO COMPLY WITH THIS ORDER SHALL RESULT IN THE EXCLUSION OF DAMAGES, WITNESSES, EXHIBITS, DEPOSITIONS, AND/OR VIDEOTAPES FROM EVIDENCE AT TRIAL.

**IT IS SO ORDERED.**

**ENTER:**


_____s/ H. Bruce Guyton_____
United States Magistrate Judge